**Exhibit 1**

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
GENERAL CIVIL DIVISION

HAIRCUT PARTNERS LLLP, a Florida
Limited Liability Limited Partnership,

        Plaintiff,

v.

BICOASTAL HOLDING COMPANY, a
Nevada corporation,

        Defendant.

Case No. 08-CA-011619

Division  C

## AMENDED COMPLAINT

Plaintiff, HAIRCUT PARTNERS LLLP, a Florida Limited Liability Limited Partnership, sues Defendant, BICOASTAL HOLDING COMPANY, a Nevada corporation, and alleges:

1. Haircut Partners LLLP ("Haircut") is a Florida limited liability limited partnership, formed pursuant to Florida Statutes, § 620.1104, with its principal place of business in Hillsborough County, Florida.

2. Bicoastal Holding Company ("Bicoastal") is a Nevada corporation, formed pursuant to Nevada Revised Statutes, § 78.050, with its registered agent located at 2050 Russett Way, Carson City, Nevada.

3. This action arises from the breach of one or more contract(s) in Hillsborough County, Florida by failing to perform acts required by the contract(s) to be performed in Hillsborough County, Florida.

4. This is an action for damages which exceed $15,000.00.

### COUNT I – BREACH OF CONTRACT

5. This is an action for breach of contract.

6. Haircut reasserts those allegations stated in paragraphs 1 through 4 as though they were fully stated herein.

7. On or about May 23, 2008, pursuant to a valid and binding contract, Bicoastal owed The Bleakley Law Firm seventy-seven thousand nine hundred sixty-two dollars ($77,962.00) ("Bleakley Amount"), for services rendered.

8. On or about May 23, 2008 the Bleakley Amount remains due and unpaid to Bicoastal.

9. On or about May 23, 2008, The Bleakley Law Firm assigned its rights against Bicoastal to Haircut; a copy of the Assignment is attached hereto as Exhibit 1.

WHEREFORE, Haircut respectfully requests that this Court enter a judgment against Bicoastal in the amount of seventy-seven thousand nine hundred sixty-two dollars ($77,962.00), plus interest and costs.

## COUNT II – BREACH OF CONTRACT

10. This is an action for breach of contract.

11. Haircut reasserts those allegations stated in paragraphs 1 through 4 as though they were fully stated herein.

12. On or about May 23, 2008, pursuant to a valid and binding contract, Bicoastal owed David E. Hammer, P.A. the amount of sixteen thousand nine hundred fifty dollars ($16,950.00) ("Hammer Amount"), for services rendered.

13. On or about May 23, 2008 the Hammer Amount remains due and unpaid to Bicoastal.

14. On or about May 23, 2008, David E. Hammer, P.A. assigned its rights against Bicoastal to Haircut; a copy of the Assignment is attached hereto as Exhibit 2.

WHEREFORE, Haircut respectfully requests that this Court enter a judgment against Bicoastal in the amount of sixteen thousand nine hundred fifty dollars ($16,950.00), plus interest and costs.

### COUNT III – BREACH OF CONTRACT

15.     This is an action for breach of contract.

16.     Haircut reasserts those allegations stated in paragraphs 1 through 4 as though they were fully stated herein.

17.     On or about May 23, 2008, pursuant to two valid and binding notes, Bicoastal owed Caligula Corporation ("Caligula") the amount of sixteen thousand four hundred sixty-eight dollars and sixty-seven cents ($16,468.67) ("Caligula Amount"), for repayment of those notes.

18.     On or about May 23, 2008 the Caligula Amount remains due and unpaid by Bicoastal.

19.     On or about May 23, 2008, Caligula Corporation assigned its rights against Bicoastal to Haircut; a copy of the Assignment is attached hereto as Exhibit 3.

3

4

WHEREFORE, Haircut respectfully requests that this Court enter a judgment against Bicoastal in the amount of sixteen thousand four hundred sixty-eight dollars and sixty-seven cents ($16,468.67), plus interest and costs.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all counts so triable.

Haircut Partners LLLP
By: Dan Bilzerian, General Partner, *pro se*
16634 Sedona de Avila
Tampa, FL 33613

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 9, 2008 a true and correct copy of the foregoing Amended Complaint has been furnished via facsimile and U.S. Mail to Douglas N. Menchise, 300 Turner St., Clearwater, FL 33756.

Dan Bilzerian

5

EXHIBIT 1

## Assignment of Claims

This agreement ("Agreement") is made by and between THE BLEAKLEY LAW FIRM, 15170 N. Florida Ave., Tampa, FL 33613 ("Assignor") and HAIRCUT PARTNERS LLLP, 16634 Sedona de Avila, Tampa, FL 33613 ("Assignee"), as of May 11, 2008 (the "Effective Date").

### WITNESSETH:

WHEREAS, Assignor has performed legal services for Bicoastal Holding Company ("Bicoastal"); and

WHEREAS, Bicoastal has not paid Assignor for legal services it performed in the amount of $77,962.00; and

WHEREAS, it appears that Bicoastal is unwilling or unable to pay Assignor the amount unpaid; and

WHEREAS, Bicoastal is also indebted to Caligula Corporation ("Caligula") for $15,000 plus accrued interest, and David E. Hammer P.A.("Hammer") in amount in excess of $16,950; and

WHEREAS, Assignor, Caligula and Hammer have agreed that it would be in their best interests as creditors of Bicoastal to assign their claims against Bicoastal to Assignee in order to assure an orderly collection, liquidation and distribution of Bicoastal's assets;

NOW, THEREFORE, the parties hereto agree as follows:

1. **Assignment of Claims.** Assignor hereby assigns all of its claims ("Claims") against Bicoastal to Assignee. By virtue of this assignment, Assignor assigns all rights to Assignee to collect debts owed by Bicoastal to Assignor.

2. **Payment to Assignor.** Upon realization of any payment or recovery by Assignee with respect to the Claims or any other claim of Caligula or Hammer against Bicoastal, Assignee shall pay to Assignor the amount of the payment or recovery, not to exceed in aggregate the total amount of twenty-five thousand dollars ("Total Payment"). Such payment shall precede any payment to Caligula or Hammer or any other assignor who assigns its claim against the Debtors to Assignee.

DB

3.   **Indemnification.**   Assignee hereby agrees to indemnify, defend and hold harmless Assignor against any claim by Bicoastal, and Puma Foundation against Assignor, for any reason other than claims of malpractice, negligence or fraud.

4.   **Time Limit.**   In the event Assignee fails to make the Total Payment prior to December 31, 2008, Assignor may, at Assignor's option, give thirty (30) days' notice to Assignee of Assignor's intent to cancel this Agreement. If thirty (30) days elapse after Assignee receives such notice from Assignor without Assignor making the balance of Total Payment to Assignee, this Agreement shall be canceled, and thereby the Claims shall revert to Assignor. In such event, paragraph 3 herein shall specifically become null and void.

5.   **Cooperation.**   Assignor shall cooperate with Assignee in support of reasonable actions taken by Assignee to collect upon the Claims.

6.   **Notice.**   Notice under this Agreement shall be made by certified mail, hand delivery, regular mail if the notice is simultaneously sent by facsimile, or any other means whereby the time and date of delivery can be confirmed by a third party, to the parties at the addresses listed above. A party may change its address by giving notice to the other party.

7.   **Governing Law, Jurisdiction, and Venue.**   This Agreement shall be governed by the laws of the state of Florida. The Parties agree to the exclusive jurisdiction and venue of the courts in Hillsborough County, Florida. In the event of any dispute under this Agreement, the prevailing party shall not be entitled to recover its attorneys fees or costs.

8.   **Confidentiality.**   This Agreement is subject to strict confidentiality and the parties agree not to disclose the terms or provide a copy of this Agreement to any other person or entity unless required to do so by court or if all the parties give their written consent. The parties hereby consent to provide Terri L. Steffen and Douglas Menchise, trustee for the bankruptcy estate of Terri L. Steffen, with a copy provided, however, that they agree not to disclose this agreement to any other person or entity.

9.   **Entire Agreement.**   This Agreement is the entire agreement of the parties. Any amendment to this Agreement shall be in a writing executed by both parties.

2

DB

**Wherefore, intending to be legally bound, the parties subscribe below:**

Assignor:

_____          8/13/08
Robert Bleakley, President                Date
The Bleakley Law Firm

Assignee:

_____          _____
Dan Bilzerian, General Partner            Date
Haircut Partners LLLP

3

EXHIBIT 2

### Assignment of Claims

This agreement ("Agreement") is made by and between DAVID E. HAMMER, P.A., 201 E. Kennedy Blvd., Ste. 950, Tampa, FL 33602 ("Assignor") and HAIRCUT PARTNERS LLLP, 16634 Sedona de Avila, Tampa, FL 33613 ("Assignee"), as of May 11, 2008 (the "Effective Date").

## W I T N E S S E T H:

WHEREAS, Assignor has performed legal services for Bicoastal Holding Company ("Bicoastal"); and

WHEREAS, Bicoastal has not paid Assignor for legal services it performed in the amount of $16,950.00; and

WHEREAS, it appears that Bicoastal is unwilling or unable to pay Assignor the amount unpaid; and

WHEREAS, Bicoastal is also indebted to Caligula Corporation ("Caligula") for $15,000 plus accrued interest, and The Bleakley Law Firm ("Bleakley") for $77,962.00; and

WHEREAS, Assignor, Caligula and Bleakley have agreed that it would be in their best interests as creditors of Bicoastal to assign their claims against Bicoastal to Assignee in order to assure an orderly collection, liquidation and distribution of Bicoastal's assets;

NOW, THEREFORE, the parties hereto agree as follows:

1. **Assignment of Claims.** Assignor hereby assigns all of its claims ("Claims") against Bicoastal to Assignee. By virtue of this assignment, Assignor assigns all rights to Assignee to collect debts owed by Bicoastal to Assignor.

2. **Limited Partnership Interest.** Assignor contributed its Claims to Assignee in exchange for a limited partnership interest in Assignee, constituting good and valid consideration. Assignor's rights with respect to this interest are exclusively governed by the Partnership Agreement for Assignee.

3. **Cooperation.** Assignor shall cooperate with Assignee in support of reasonable actions taken by Assignee to collect upon the Claims.

DB

4.    **Notice.**  Notice under this Agreement shall be made by certified mail, hand delivery, regular mail if the notice is simultaneously sent by facsimile, or any other means whereby the time and date of delivery can be confirmed by a third party, to the parties at the addresses listed above.  A party may change its address by giving notice to the other party.

5.    **Governing Law, Jurisdiction, and Venue.**  This Agreement shall be governed by the laws of the state of Florida.  The Parties agree to the exclusive jurisdiction and venue of the courts in Hillsborough County, Florida.  In the event of any dispute under this Agreement, the prevailing party shall not be entitled to recover its attorneys fees or costs.

6.    **Confidentiality.**  This Agreement is subject to strict confidentiality and the parties agree not to disclose the terms or provide a copy of this Agreement to any other person or entity unless required to do so by court or if all the parties give their written consent.  The parties hereby consent to provide Terri L. Steffen and Douglas Menchise, trustee for the bankruptcy estate of Terri L. Steffen, with a copy provided, however, that they agree not to disclose this agreement to any other person or entity.

7.    **Entire Agreement.**  This Agreement is the entire agreement of the parties.  Any amendment to this Agreement shall be in a writing executed by both parties.

Wherefore, intending to be legally bound, the parties subscribe below:

Assignor:


_____          June 13, 2008_____
David E. Hammer, President                Date
David E. Hammer, P.A.


Assignee:


_____          _____
Dan Bilzerian, General Partner            Date
Haircut Partners LLLP


2

EXHIBIT 3

## Assignment of Claims

This agreement ("Agreement") is made by and between Caligula Corporation, 16634 Sedona de Avila, Tampa, FL 33613 ("Assignor") and HAIRCUT PARTNERS LLLP, 16634 Sedona de Avila, Tampa, FL 33613 ("Assignee"), as of May 11, 2008 (the "Effective Date").

### W I T N E S S E T H:

WHEREAS, Assignor has made two loans to Bicoastal Holding Company ("Bicoastal"), totaling $15,000 plus interest, which are evidenced by the promissory notes attached hereto ("Notes"); and

WHEREAS, Bicoastal has not paid Assignor the amount due on the Notes; and

WHEREAS, it appears that Bicoastal is unwilling or unable to pay Assignor the amount unpaid; and

WHEREAS, Bicoastal is also indebted to David E. Hammer, P.A. ("Hammer") for $16,950, and The Bleakley Law Firm ("Bleakley") for $77,962.00; and

WHEREAS, Assignor, Hammer and Bleakley have agreed that it would be in their best interests as creditors of Bicoastal to assign their claims against Bicoastal to Assignee in order to assure an orderly collection, liquidation and distribution of Bicoastal's assets;

NOW, THEREFORE, the parties hereto agree as follows:

1.    **Assignment of Claims**.  Assignor hereby assigns all of its claims ("Claims") against Bicoastal to Assignee.  By virtue of this assignment, Assignor assigns all rights to Assignee to collect debts owed by Bicoastal to Assignor.

2.    **Limited Partnership Interest.**  Assignor contributed its Claims to Assignee in exchange for a limited partnership interest in Assignee, constituting good and valid consideration.  Assignor's rights with respect to this interest are exclusively governed by the Partnership Agreement for Assignee.

3.    **Cooperation.**  Assignor shall cooperate with Assignee in support of reasonable actions taken by Assignee to collect upon the Claims.

4.    **Notice.**  Notice under this Agreement shall be made by certified mail, hand delivery, regular mail if the notice is simultaneously sent by facsimile, or any other means

whereby the time and date of delivery can be confirmed by a third party, to the parties at the addresses listed above. A party may change its address by giving notice to the other party.

     5.     **Governing Law, Jurisdiction, and Venue.** This Agreement shall be governed by the laws of the state of Florida. The Parties agree to the exclusive jurisdiction and venue of the courts in Hillsborough County, Florida. In the event of any dispute under this Agreement, the prevailing party shall not be entitled to recover its attorneys fees or costs.

     6.     **Confidentiality.** This Agreement is subject to strict confidentiality and the parties agree not to disclose the terms or provide a copy of this Agreement to any other person or entity unless required to do so by court or if all the parties give their written consent. The parties hereby consent to provide Terri L. Steffen and Douglas Menchise, trustee for the bankruptcy estate of Terri L. Steffen, with a copy provided, however, that they agree not to disclose this agreement to any other person or entity.

     7.     **Entire Agreement.** This Agreement is the entire agreement of the parties. Any amendment to this Agreement shall be in a writing executed by both parties.

     Wherefore, intending to be legally bound, the parties subscribe below:

Assignor:


_____       _____
Dan Bilzerian, President                  Date
Caligula Corporation


Assignee:


_____       _____
Dan Bilzerian, General Partner         Date
Haircut Partners LLLP


2

DB