IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

```
- - - - - - - - - - - - - - - - x
IN RE:                         :
     TERRI L. STEFFEN          :   Case No. 01-09988-8P7
                   Debtor      :        Chapter 7
- - - - - - - - - - - - - - - - x
     DOUGLAS MENCHISE          :
                   Plaintiff   :
   va.                         :   Adversary No. 08-389
                               :
     TERRI L. STEFFEN          :
                   Defendant   :
- - - - - - - - - - - - - - - - x   U.S. Courthouse
                                    801 N. Florida Avenue
                                    Tampa, Florida
                                    October 7, 2008
                                    1:30 P.M.
```

**H E A R I N G**

1.   Trustee's motion to establish bid procedures for the stock of Bicoastal Holding Corporation and to compel the Debtor to turn over all assets of Bicoastal Holding, together with an accounting and to cease and desist from the utilization of Bicoastal Holding Company's assets (Document #610);

2.   Trustee's motion to compel turnover of non-exempt assets (Document #608);

3.   Trustee's motion for authority to sell real property located at 16634 Sedona de Avila (Document #609);

4.   Trustee's objection to exemptions (Document No. 607);

5.   Motion to quash subpoena to Century Bank by DAER Holdings, LLC (Document No. 606);

6.   **Adv. 08-389.**  Pretrial conference, objecting to discharge.

B E F O R E:   THE HONORABLE ALEXANDER L. PASKAY, Judge

_____

**JOHNSON TRANSCRIPTION SERVICE**
7702 Lake Cypress Drive
Odessa, Florida  33556
(813) 920-1466

EXHIBIT "E"

2

A P P E A R A N C E S:

For the Debtor:      EDWARD PETERSON, Esquire

                     DAVID HAMMER, Esquire

For Ernie Haire:     ALBERTO GOMEZ, Esquire

For United States:   MARY APOSTOLAKOS-HERVEY, Esquire


Also Present:        Ernest Haire

3

**P R O C E E D I N G S**

THE COURT:  Good afternoon.

MR. HAMMER:  Good afternoon, Your Honor.

MR. MENCHISE:  Good afternoon.

MR. GOMEZ:  Good afternoon.

THE COURT:  In the matter of Terri Steffen, which is a Code 7 case, we've scheduled the following items:  Trustee's motion to establish bid procedures for the stock of Bicoastal Holding Corporation and to compel the Debtor to turn over all assets of Bicoastal Holding, together with an accounting and to cease and desist from the utilization of Bicoastal Holding Company's assets (Document 610).

The next would be Trustee's motion to compel turnover of non-exempt properties.

The next two relate to the other:  Trustee's motion for authority to sell real property located at 16634 Sedona de Avila; and the Trustee's objection to exemption.  That's in connection with a motion received, a motion to stay pending appeal, filed today, I believe, which pertains to the Trustee's motion to sell.  If I'm incorrect, you have to correct.

There is a motion to quash subpoena to Century Bank by DAER Holdings.

Then there is Adversary Proceeding 08-389,

53

have the actual documents so he can deliver the tangible asset to a purchaser?  That's one question.  I think that's a fair question.  Does he have something tangible?  Did the Debtor give him the certificate in order to sell it?  I don't know if he has that.

MR. MENCHISE:  No, I don't.  And that's one of the concerns.  The second concern is, Your Honor, earlier on in the case I had asked for a turnover of documents.  I did receive some bank statements from various --

THE COURT:  Did you receive from August the list of the assets?

MR. MENCHISE:  Yes, the three assets I advised the Court of --

THE COURT:  Correct.

MR. MENCHISE:  -- the Avila membership, the used car and the claim against Ernie Haire.

THE COURT:  All right.

MR. MENCHISE:  Didn't receive the backup supporting documentation such as:  Give me the underlying fact documentation --

THE COURT:  Or what else --

MR. MENCHISE:  -- for the claim.

THE COURT:  What else don't you have that you need?

54

MR. MENCHISE: Okay. I need the documents that would support the underlying cause of action against Ernie Haire. What is this claim about? I'd like to know; okay?

THE COURT: Okay.

MR. MENCHISE: And I'd like to have the documentation so I can sell it.

THE COURT: Well, you don't have a copy of the complaint?

MR. MENCHISE: I don't have a copy of the complaint. I received a letter saying that, you know, there's 12 volumes of records. But there has got to be --

THE COURT: A pending claim by Steffen against Haire?

MR. HAMMER: By Bicoastal against Haire, yes, Your Honor.

THE COURT: Against whom?

MR. HAMMER: Against Ernie Haire.

THE COURT: By Bicoastal?

MR. HAMMER: Yes, Your Honor.

THE COURT: And you are filing that on behalf of Bicoastal?

MR. HAMMER: I filed that on behalf of Bicoastal in 2006.

55

THE COURT: You are out of the picture. You no longer represent Bicoastal. Menchise owns Bicoastal.

MR. HAMMER: That's true. Menchise --

THE COURT: Yes.

MR. HAMMER: -- Mr. Menchise does own Bicoastal. He has not asked me to stop representing Bicoastal or --

THE COURT: What?

MR. MENCHISE: I have told Mr. Hammer from day one he does not represent me. I've been told that, you know, this corporation has nothing to do, it's its own life; it has its own business, you know; and that the bankruptcy and 362 has nothing to do with this company. And that's the position that they take and they continue to litigate under the name of Bicoastal. But I've told them specifically: Do not represent the estate; do not represent me as Trustee.

THE COURT: File an appearance in the state court that you are Bicoastal person.

MR. MENCHISE: You know, Your Honor, you've got -- you have him on one hand as a creditor of Bicoastal, telling me that I've got to do this; otherwise, you're dissipating the assets of the creditor. And on the other hand, he's representing

56

Bicoastal.  You know, it's a Catch-22 situation for the estate.

I mean you've got on one hand he's making a claim against Bicoastal.  On the other hand, he's suing for Bicoastal.

THE COURT:  He can't sue Bicoastal anymore.

MR. GOMEZ:  He's setting hearings.  He's setting hearings in state court.

THE COURT:  You can't set it.  Stop it.

MR. GOMEZ:  Sure.  Sure, he is.

THE COURT:  Stop it.  You can't do anything on behalf of Bicoastal.

MR. GOMEZ:  He's --

THE COURT:  File your appearance that you are the legal representative of that entity.

MR. MENCHISE:  I've done that in the one case in the --

THE COURT:  How about this one?

MR. MENCHISE:  -- in the Haircut case.

THE COURT:  Never mind Haircut.  This one.

MR. MENCHISE:  Very well, Your Honor, I will.

THE COURT:  Sure.

MR. HAMMER:  Your Honor, I've asked Mr. Menchise to substitute in for me as counsel many times and Mr. Menchise has declined to do so.  You

57

don't know how happy I am to have Mr. Menchise

substitute in for me in these cases.  Because I've been

working without pay during the entire duration of this

Chapter 7.

MR. MENCHISE:  Your Honor, I'm not interested

in litigating this case.  I'm interested in selling the

100 percent interest; okay?

THE COURT:  Correct, of that lawsuit and sell

it.

MR. MENCHISE:  Right.

THE COURT:  And in order to sell it, he

should be able to get the underlying basis of the claim

asserted.

MR. MENCHISE:  That's exactly what I've been

trying to get, the underlying --

THE COURT:  You have to give him the

underlying factual basis and the relief sought on that

lawsuit, what you filed.

MR. GOMEZ:  Judge, let me add something.  The

relief that Mr. Menchise is seeking is to set some

procedures, some ground rules for the sale of the

asset; correct?

MR. MENCHISE:  Correct.

THE COURT:  That's step number one.

MR. GOMEZ:  Right.

58

THE COURT:  Before you even talk about it, you have to identify what you're selling.

MR. GOMEZ:  Exactly.  So, I think we've identified the equity interest of Bicoastal Holding Company.

THE COURT:  That's a big concept, equity interest.  If somebody goes, I want an equity interest, you don't know what it is.

MR. HAMMER:  Mr. Menchise is selling the stock in Bicoastal.

MR. GOMEZ:  The stock in --

MR. HAMMER:  He has already filed a notice that he's selling the stock in Bicoastal.

MR. GOMEZ:  And so the ground rules are -- for instance, I mentioned the fact that the Debtor should be required to turn over the stock certificates.

THE COURT:  Yes.

MR. GOMEZ:  That's an asset of the estate.

THE COURT:  Correct.

MR. GOMEZ:  And that's what he's selling; okay?

THE COURT:  Correct.

MR. GOMEZ:  Then, secondly, Mr. Menchise is asking --

THE COURT:  Does he have it?

59

MR. GOMEZ:  No.

THE COURT:  Do you have it?

MR. MENCHISE:  No.

MR. GOMEZ:  No.

THE COURT:  You made a demand for it?

MR. HAMMER:  Has he asked for it?

MR. MENCHISE:  Yes.

MR. HAMMER:  Look at his demand.  Where?

MR. MENCHISE:  I have had three 341s where I have asked for every document I could think of on the assets of the estate, claims, causes of actions.

THE COURT:  That's talking in a 341.

MR. MENCHISE:  Yeah.

MR. GOMEZ:  My suggestion is this:  is that we use the October 16th, the one that has been set for this sale -- I don't know how we can have a sale on the 16th when we have this shifting ground.

THE COURT:  I don't know.

MR. GOMEZ:  Well, let's set the 16th date or the 21st as a continued hearing on this type of motion to make sure we have all of these compliances.  Let's get some ground rules.  Let's make sure we have an even playing field.

THE COURT:  No, we can't do it.  Enter an order of ground rules first --

60

MR. GOMEZ:  Right.

THE COURT:  -- that the Debtor shall furnish all documentation evidencing her interest in Bicoastal, including the stock certificate, and the factual basis of the claim asserted in that lawsuit against Haire.

MR. HAMMER:  Your Honor, with respect to the factual basis, we've got volumes and volumes and volumes --

THE COURT:  No volumes.  The complaint is a short, concise statement for a claim for which relief could be granted, not volumes and volumes.

MR. HAMMER:  Your Honor, if we're just talking about the complaint, then there's no problem with that.

THE COURT:  There's no summary judgment discovery.  The factual allegation which would withstand a motion to dismiss.

MR. HAMMER:  The complaint, Your Honor.

THE COURT:  Yes.

MR. HAMMER:  No problem.

MR. MENCHISE:  Apparently there is a settlement agreement -- with the settlement agreement that's signed between the parties.

THE COURT:  Part of that lawsuit?

MR. MENCHISE:  That's my understanding of it.

61

THE COURT:  All right.

MR. MENCHISE:  Is that not correct?

THE COURT:  So, the complaint, the settlement agreement, the stock certificate --

MR. MENCHISE:  The Avila membership.

THE COURT:  The membership of Avila.

MR. HAMMER:  When you say "the Avila membership"?

THE COURT:  The certificate in Avila, it must be documented somewhere she's a member.

MR. HAMMER:  Okay.

THE COURT:  A member is given a certificate of some sort, obviously.

MR. MENCHISE:  And the vehicle.

THE COURT:  And the title to the vehicle.

MR. GOMEZ:  Your Honor, one other suggestion.

THE COURT:  These are the three items.

MR. GOMEZ:  One other suggestion, Judge.  She -- according to Mr. Hammer, there was a document provided in April to the Trustee --

THE COURT:  Yes.

MR. GOMEZ:  -- that provided the assets and liability of BHC, like a balance sheet, that should be ratified and make sure there have been no changes from April through --

62

THE COURT:  Well, they filed one.  Certify it that it's still the same.  All right.

MR. MENCHISE:  Now, there was one other --

THE COURT:  So, on Item No. 1, you give me an order directing the Debtor to furnish, pursuant to a request, the following:  the complaint filed by Steffen or some entity against Haire, factual allegations; a settlement agreement; stock certificate in Bicoastal; a certificate of membership in Avila; and the title to the vehicle; and a certificate that the April is still, no change in it.  All right?

MR. MENCHISE:  Okay.  Now, the second part of it, on the bid procedures I would like to have it cash and people can come up with the balance.  I'd say 20 percent at the time of the sale and come up with the balance within --

THE COURT:  How much cash?

MR. MENCHISE:  20 percent.  The first offer we received was 25,000, and I believe I got an offer for 30,000.  I don't know if that's still on the table or not, but I'd like to start --

THE COURT:  10 percent cash.

MR. MENCHISE:  10 percent?

THE COURT:  Yes.

MR. MENCHISE:  Okay.

78

MR. MENCHISE:  -- because there's an order already.

THE COURT:  Yes.  Motion to quash subpoena of Century Bank is denied as moot.

(Discussion off the record.)

THE COURT:  Mr. Hammer is going to give me the order.

And 727, repeat filings --

MR. MENCHISE:  Just continue it over?  I'll send you an order continuing it over to the 21st?

THE COURT:  Correct.

(Discussion off the record.)

THE COURT:  9:30.  Everything is 9:30.  What is already on 10:00, we are going to listen to the saga until the next hearing, maybe in the afternoon.  I don't know.  All right?

MR. MENCHISE:  Okay.  Thank you, Your Honor.

THE COURT:  Okay.

MR. PETERSON:  Thank you, Your Honor.

MR. HAMMER:  Thank you, Your Honor.

(Whereupon, the hearing was concluded at 3:00 p.m.)

79

CERTIFICATE OF REPORTER

STATE OF FLORIDA            )

COUNTY OF HILLSBOROUGH   )

I, Kimberley S. Johnson, Official Court Reporter, certify that I was authorized to and did report by use of Stenomask the foregoing proceedings in the United States Bankruptcy Court, Middle District of Florida, Tampa Division, before the Honorable Alexander L. Paskay, in the above-captioned case at the time and place set forth, and that the foregoing pages constitute a true and correct transcription to the best of my ability.

WITNESS MY HAND this 10th day of October, 2008, at Tampa, Hillsborough County, Florida.

_____
Kimberley S. Johnson, CVR
Certified Verbatim Reporter
Notary Commission No. DD449281
Commission Expiration: 8/29/09